## UNITED STATES DISTRICT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| WILLIAM CABEZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. |
| | ) |
| CAPITAL ONE, N.A., | ) |
| TRANS UNION LLC., EQUIFAX INC., | ) |
| EXPERIAN INFORMATION SOLUTIONS LLC | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES Plaintiff, WILLIAM CABEZA, ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants CAPITAL ONE, N.A. ("CAPITAL ONE"), TRANS UNION LLC ("TRANS UNION"), EQUIFAX INC. ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS LLC., ("EXPERIAN"):

### **Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

**Parties**

2.    Plaintiff is a natural person at all times relevant residing in Collier County, in the City of Naples, in the State of Florida.

3.    At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Defendant, CAPITAL ONE, is a bank doing business in the State of Florida, with its principal place of business located in McLean, Virginia.

5.    Defendant CAPITAL ONE is a "debt collector" as defined by the Florida Consumer Collection Practices Act Fla. Stat. § 559.55(7).

6.    Defendant CAPITAL ONE is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

7.    Defendant, TRANS UNION, is a credit reporting agency doing business in the State of Florida, with its principal place of business located in Chicago, Illinois.

8.    Defendant, TRANS UNION, is a "credit reporting agency" as defined by 15 U.S.C § 1681a(f).

9.    Defendant, TRANS UNION, is a "person" as that term is defined by 15 U.S.C. § 1681a(b)

10.    Defendant, EXPERIAN, is a credit reporting agency doing business in the State of Florida, with its principal place of business located in Costa Mesa,

California

11.   Defendant, EXPERIAN, is a "credit reporting agency" as defined by 15 U.S.C § 1681a(f).

12.   Defendant, EXPERIAN, is a "person" as that term is defined by 15 U.S.C. § 1681a(b)

13.   Defendant, EQUIFAX, is a credit reporting agency doing business in the State of Florida, with its principal place of business located in Atlanta, Georgia.

14.   Defendant, EQUIFAX, is a "credit reporting agency" as defined by 15 U.S.C § 1681a(f).

15.   Defendant, EQUIFAX, is a "person" as that term is defined by 15 U.S.C. § 1681a(b)

16.   At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

17.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

18.   Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

19.     Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN, and CAPITAL ONE (collectively "Defendants") regarding a collection account CAPITAL ONE alleges against him.

20.     Further, Plaintiff is a victim of unlawful collection practices suffered from CAPITAL ONE.

21.     The unlawful collection practices conducted by Defendant CAPITAL ONE pertain to an account that was fraudulently opened under Plaintiff's name in 2024.

22.     Plaintiff's wallet was lost while staying in Thomasville, North Carolina in 2023.

23.     Plaintiff has suffered identity theft issues since his wallet was lost and, as a result of the identity theft issues, has placed a freeze on his credit profile.

24.     On or around April 6, 2024, a credit line was opened with CAPITAL ONE in Plaintiff's name.

25.     Plaintiff did not open this account and was unaware of the account's establishment.

/ /

26.     Plaintiff discovered this unlawful account when he attempted to open a different credit card in December 2024 with Chase Bank.

27.     Chase Bank's application process revealed Plaintiff's adverse credit report featuring this unpaid account with CAPITAL ONE with a balance of about $400.

28.     Plaintiff wrote to CAPITAL ONE to dispute the account on or around January, 2025.

29.     Plaintiff included the information CAPITAL ONE requested for the purpose of proving his identity to facilitate their investigation.

30.     Upon information and belief, CAPITAL ONE failed to reasonably investigate Plaintiff's dispute.

31.     Had CAPITAL ONE reasonably investigated Plaintiff's dispute, it could have verified that the account in question was opened in a place that Plaintiff did not reside and that payments were made initially by someone other than Plaintiff.

32.     CAPITAL ONE's failure in its investigation of Plaintiff's dispute and reported fraud has resulted in the underlying account being reported to the credit reporting agencies ("CRAs") TRANS UNION, EXPERIAN, and EQUIFAX.

/ /

/ /

33. The reporting of the fraudulent account by CAPITAL ONE has included multiple late payments and a charged off status and has had a significantly negative impact on Plaintiff's credit worthiness.

34. Also, in January 2025, Plaintiff notified the three CRA Defendants of the fraudulent account and disputed the reporting of the account on his credit report.

35. However, despite all of the information supporting a finding that the underlying account was fraudulently opened under Plaintiff's name, no Defendant updated its records to either note the fraudulent nature of the account or suppress the reporting of the account.

36. In attempt to alleviate the negative impacts the reporting of the account has had on Plaintiff's credit worthiness, Plaintiff paid off the fraudulent account on or around July 25, 2025 so that he could apply for a mortgage.

37. Plaintiff filed a police report and sworn statement on or around August 13, 2025, disclosing the identity of a suspect and intending to press charges against the fraudster.

38. However, Defendants' continued reporting of this account has prevented Plaintiff from obtaining credit and has prevented Plaintiff from applying for a mortgage to purchase a home.

39. Defendants' conduct continues to prevent Plaintiff from purchasing a home, opening credit, or otherwise affording his life, resulting in emotional distress

## COUNT I– TRANS UNION LLC.
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

40.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

41.     After receiving Plaintiff's dispute regarding the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

42.     TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

43.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.     TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45.     In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46.     Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION LLC.
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i

47.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

48.     After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

49.     Defendant TRANS UNION violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. TRANS UNION'S conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III– EXPERIAN INFORMATION SOLUTIONS, LLC.
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681e(b)

54. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

55. After receiving Plaintiff's dispute regarding the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

56. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

57.     As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58.     EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59.     In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60.     Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EXPERIAN INFORMATION SOLUTIONS, LLC.
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i

61.      Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

62.     After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

63.     Defendant EXPERIAN violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

64.     As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65.     EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66.     In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

67.     Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V– EQUIFAX INC.**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

68.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

/ /

69.     After receiving Plaintiff's dispute regarding the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

70.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

71.     As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

72.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

73.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

74.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

/ /

## COUNT VI – EQUIFAX INC.
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i

75.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-39.

76.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

77.     Defendant EQUIFAX violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

78.     As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

79.     EQUIFAX'S conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

/ /

80. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

81. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– CAPITAL ONE, N.A.
### Violation of the Florida Consumer Collection Practices Act
### Fla. Stat. § 559.55 *et seq.*

82. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-39.

83. Defendant CAPITAL ONE's willful violations of the Florida Consumer Collection Practices Act include, but are not limited to, the following.

84. Defendant violated Fla. Stat. § 559.72(5) by disclosing to the CRA Defendants information affecting Plaintiff's reputation with knowledge or reason to know that the information is false.

85. Defendant violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

86. Pursuant to Fla. Stat § 559.77, Defendant is liable for actual damages and additional statutory damages, not exceeding 1,000$, together with court costs and reasonable attorney's fees incurred by the plaintiff, together with punitive damages and equitable relief as the court deems necessary or proper..

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and the Florida Consumer Collection Practices Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

d) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681o.

e) Actual damages to be proven at trial, and for additional statutory damages, with punitive damages and such equitable relief as the court deems just and proper pursuant to Fla. Stat. § 559.77; and

f) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated _____

Attorneys for Plaintiff,

WILLIAM CABEZA